UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TINA COLAPIETRO, | : | 3:08cv238(WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF MOTOR | : | |
| VEHICLES, and | : | |
| TIMOTHY KULISH, | : | |
|     Defendant. | : | |

### RULING ON DEFENDANTS' MOTIONS TO DISMISS AND ON DEFENDANT KULISH'S MOTION TO DISQUALIFY COUNSEL

Plaintiff Tina Colapietro brings this action alleging discrimination by defendants Department of Motor Vehicles ("DMV") and Timothy Kulish. Specifically, plaintiff asserts that (1) defendant DMV violated Title VII; (2) defendant Kulish violated Connecticut General Statute § 46a-60(a)(5); and (3) both defendants are liable for intentional infliction of emotional distress.

Defendant DMV has filed a motion to dismiss count three pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) on the basis of Eleventh Amendment immunity, while defendant Kulish has filed a motion to dismiss counts two and three pursuant to FRCP 12(b)(6) for failure to state a claim.

For the following reasons, DMV's motion to dismiss will be granted and Kulish's motion to dismiss will be denied.

### BACKGROUND

The following factual background is taken from the allegations of the complaint, which are considered to be true for purposes of this ruling..

1

Plaintiff has been employed as an Emissions Agent at the DMV since 2000. In 2004, plaintiff was selected to work at the Emissions Tech Center in Cheshire, Connecticut, where defendant Kulish worked as the manager.

A co-worker Cherri Cedrone, who was involved in a relationship with Kulish, was selected for a Supervisor position.

Plaintiff was thereafter required to report to Cedrone, who harassed plaintiff with Kulish's approval. Plaintiff received unsatisfactory performance evaluations for the years 2005 and 2006.

Commencing in 2004, plaintiff was subjected to a sexually hostile work environment under Kulish's supervision. Acts contributing to the hostile environment included the posting of sexually explicit pictures, cartoon and web sites on co-workers' computers, the allowance for sexually explicit jokes, and the exchange of sexually graphic or suggestive e-mails and games with sexual overtones. Plaintiff complained to Kulish and her supervisors of the hostile environment but no remedial action was taken.

In late 2005, the DMV's Affirmative Action Officer Carmen Arroyo commenced an investigation into the alleged sexually hostile environment. Plaintiff cooperated in the investigation.

After Kulish learned of plaintiff's involvement in the investigation, he retaliated against her by her placing under surveillance and encouraging other staff members to harass her.

In 2007, plaintiff was notified that Kulish had stored more than 19,000 images of her in his computer that had been culled from the DMV surveillance equipment.

Plaintiff grew fearful for her own safety and attempted to obtain a protective

order against Kulish. Plaintiff requested an immediate transfer to another department to avoid working with Kulish. Despite complaints about Kulish in 2005 and 2006, DMV took no administrative action until it terminated Kulish in February 2007.

## DISCUSSION

### FRCP 12(b)(1)

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, P 12.07, at 12-49 (2d ed.1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S.Ct. 2931 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

### DMV's Motion to Dismiss

### Eleventh Amendment

Defendant DMV argues that this Court's jurisdiction to consider plaintiff's claim of intentional infliction of emotional distress against the state agency is barred by the Eleventh Amendment of the United States Constitution.

Generally, a suit for recovery of money damages may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). A claim for damages against the state may be authorized if the party seeking to sue obtains authorization from the claims commissioner through the statutory process set forth in Conn. Gen. Stat. §§ 4-147 through 4-158. Conn. Gen. Stat. § 4-160. In her complaint, the plaintiff states that she seeks damages. However, neither plaintiff's complaint nor her opposition to the motion to dismiss indicate that she has obtained authorization to bring her damages claim based on intentional infliction of emotional distress by the state. Accordingly, DMV's motion to dismiss will be granted.

### Kulish's Motion to Dismiss

Defendant Kulish argues that plaintiff's claim of discrimination pursuant to Conn. Gen. Stat. § 46a-60 cannot be asserted against an individual. Defendant also contends that plaintiff has failed to allege any act of discrimination or outrageous behavior to support her claims of Section 46a-60 discrimination and intentional infliction of emotional distress respectively.

The statute provides that it is an unlawful discriminatory practice for any person, "whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so." It is well established that this provision of CFEPA applies to individuals. Schaeffer v. General Electric Co., 2008 WL 2001244 (D. Conn. 2008).

Upon review of the pleadings and pursuant to the liberal pleading standard set forth in FRCP 8, the Court finds that plaintiff has adequately alleged discriminatory acts and outrageous behavior to support her claims. The Court will leave plaintiff to her proof.

Kulish's Motion to Disqualify Counsel

Defendant Kulish seeks disqualification of Attorney Joseph Jordano who represents defendant DMV. Kulish argues that Jordano is a necessary witness because he had a conversation with plaintiff at a time relevant to the action alleged in the complaint.

Rule 3.7 of the Connecticut Code of Professional Responsibility prohibits a lawyer from serving in an action "in which the lawyer is likely to be a necessary witness." The moving party is held to a "high standard of proof" that disqualification is necessary. Bennett Silvershein Assoc. v. Furman, 776 F. Supp. 800, 802 (S.D.N.Y. 1991). According to Connecticut precedent, a witness is necessary if he or she retains material information that cannot be obtained from another witness. The Quinebaug Valley Engineers Assoc. v. Colchester Fish and Game Club, 2008 WL 3853372 (Conn. Super. Ct. 2008) .

In January 2007, plaintiff contacted Attorney Jordano regarding her "fears of physical harm from Mr. Kulish." Thus Attorney Jordano may possess some knowledge of plaintiff's emotional state but this information is also available from other witnesses, including the plaintiff. Defendant Kulish has not sustained his burden of proving Attorney Jordano to be a necessary party. The motion to disqualify will be denied.

## CONCLUSION

For the foregoing reasons, the motion dismiss count three against defendant DMV [doc. #20] is GRANTED; the motion to dismiss counts two and three against Kulish [doc. #26] is DENIED; the motion to disqualify counsel [doc. # 32] is DENIED.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this \_\_16\_th day of September, 2008.